FILED
01/05/2022
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 4, 2022

**PHILIP JAMES BURT v. SHANNAN DENISE BURT**

**Appeal from the Chancery Court for Anderson County**
**No. 21CH3183          M. Nichole Cantrell, Chancellor**

_____

**No. E2021-01173-COA-R3-CV**

_____

The Notice of Appeal filed by the appellant, Philip James Burt, stated that appellant was appealing the judgment entered on September 13, 2021.[1]  As the order appealed from does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J.;  THOMAS R. FRIERSON, II, J.; AND KRISTI M. DAVIS, J.

Philip James Burt, Oak Ridge, Tennessee, *pro se* appellant.

Gregory H. Harrison, Knoxville, Tennessee, for the appellee, Shannan Denise Burt.

**MEMORANDUM OPINION[2]**

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed the appellant to show cause why this appeal should not be

---

[1] The order was served upon Philip James Burt on September 13, 2021, but was not entered until September 20, 2021.  Appellant's mistake regarding the date of entry of the order in no way impacts our determination that we lack jurisdiction to consider this appeal.

[2] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Appellant responded to our show cause order, but failed to show that a final judgment has been entered. The order appealed from does not appear to be a final appealable judgment as it granted Shannan Denise Burt a divorce, but reserved for further hearing all other issues including attorney's fees.

"Except where otherwise provided, this Court only has subject matter jurisdiction over final orders." *Foster-Henderson v. Memphis Health Center, Inc.*, 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015). As the order appealed from does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the appellant, Philip James Burt, for which execution may issue.

**PER CURIAM**